[No. 10-40024-3.   Division Three.   November 26, 1969.]

THE CITY OF EPHRATA, *Appellant*, v. EACH AND EVERY LOT, *et al., Respondents.*

*Milburn D. Kight* (of *Davis, Arneil, Dorsey & Kight*), for appellant.

*Walter E. Jordan,* pro se.

GREEN, J.—Quaere:

Does a purchaser at a general county tax foreclosure sale take title free of the liens of local assessments, the city under whose authority such local assessment liens were created having received notice of the foreclosure proceeding?

The trial court said: "Yes." Plaintiff, City of Ephrata, the holder of the improvement assessment liens, appeals.

The facts are undisputed that defendants, Walter E. Jordan and Randolph S. Palmer, purchased certain real property at a Grant County general tax foreclosure sale on November 19, 1965 at the courthouse in Ephrata, Washington; that prior to such sale, the Grant County Treasurer's Office notified the City of Ephrata of the contemplated sale; that no representative of the city appeared or bid at the sale; and that following purchase by defendants, a deed was issued to them containing no mention of plaintiff's

assessment liens. Although it was common practice to do so, the evidence is in dispute as to whether at the time of sale the treasurer announced that the real property would be sold subject to local improvement assessment liens.

The city of Ephrata brought this action to foreclose delinquent improvement assessment liens against the property. The trial court held that because the city had notice of the sale but failed to appear and protect its liens by purchase or otherwise as provided in RCW 35.49.130, the liens were lost and defendants took title free and clear of all liens.

■ The answer to the question raised at the outset of this opinion turns upon the interpretation of RCW 35.49.120-.160, inclusive[1], and particularly RCW 35.49.130:

In county foreclosures for delinquency in the payment of general taxes, the county treasurer shall mail a copy of the published summons to the treasurer of every

[1]RCW 35.49.120:

"The holder of a certificate of delinquency for general taxes, before commencing any action to foreclose the lien of such certificate, shall pay in full all local improvement assessments or installments thereof which are a lien against the property or any portion thereof, or he may elect to proceed to acquire title to the property subject to certain or all of the assessments or installments which are a lien thereon, in which case the complaint, decree of foreclosure, order of sale, sale, certificate of sale, and deed shall so state.

"If the holder pays such local assessments or installments he shall be entitled to twelve percent interest per annum on the amount of delinquent assessments or delinquent installments thereof so paid, from the date of payment."

RCW 35.49.140:

"If a city or town has bid in any property on sale for local improvement assessments, it may satisfy the lien of any outstanding general taxes upon the property by payment of the face of such taxes and costs, without penalty or interest, but this shall not apply where certificates of delinquency against the property have been issued to private persons."

RCW 35.49.150:

"If property is struck off to or bid in by a county at a sale for general taxes, and is subject to local improvement assessments in any city or town, or has been taken over by the city or town on the foreclosure of local improvement assessments, the city or town may

city and town within which any property involved in the foreclosure proceeding is situated. The copy of the summons shall be mailed within fifteen days after the first publication thereof, but the county treasurer's failure to do so shall not affect the jurisdiction of the court nor the priority of the tax sought to be foreclosed.

*If any property situated in a city or town is offered for sale for general taxes, the city or town shall have power to protect the lien or liens of any local improvement assessments outstanding against the whole or portion of such property by purchase thereof or otherwise.*

(Italics ours.) Interpreting these statutes prior to their recodification, our Supreme Court held that a purchaser of real property at a general tax foreclosure sale takes title subject to the liens for local improvement assessments even though the city was made a party to the foreclosure. *Tacoma v. Fletcher Realty Co.*, 150 Wash. 33, 272 P. 43 (1928). In so doing, the court said at 37:

Taking the statute as a whole, the legislative intent is clearly discernible that a private person, whether he proceeds by the purchase of a certificate of delinquency and himself forecloses it, or becomes a purchaser at the county's sale, may in either event pay the local assessments or acquire title subject to them, but he has no other choice. There is no word in the statute to indicate that either course will enable him to defeat a lien superior to every other except the general tax lien, and we know of no reason why a private purchaser can, or should, acquire greater rights as a purchaser at a county tax sale than the county itself can acquire. Surely, if the county, which is acting for itself and the state in collecting the revenue

acquire the property from the county at any time before resale and receive a deed therefor upon paying the face of such taxes and costs, without penalty or interest."

RCW 35.49.160:

"Whenever property struck off to or bid in by a county at a sale for general taxes is subsequently sold by the county, the proceeds of the sale shall first be applied to discharge in full the lien or liens for general taxes for which property was sold; the remainder, or such portion thereof as may be necessary, shall be paid to the city or town to discharge all local improvement assessment liens against the property; and the surplus, if any, shall be distributed among the proper county funds."

required to maintain the general government, must still take the property charged with the duty to resell it, if possible, so as to pay both the general tax and the assessment, and that privilege is not extended to a private purchaser, he cannot take it freed entirely of the lien of the local assessment, but must either pay the lien or take subject to it.

The trial judge attempted to distinguish the *Fletcher* case. He concluded the Supreme Court must have overlooked the second paragraph of RCW 35.49.130, italicized above, then embodied in Rem. Comp. Stat. § 9416. In his memorandum opinion he said:

> This provision of the law was evidently completely overlooked at the time the opinion was written in the case of *Tacoma v. Fletcher Realty Co., supra.* . . . In fact, it seems to have been the law of this state since 1911.

> If RRS, § 9416, which is now the second paragraph of RCW 35.49.130, had been called to the attention of Justice Tolman and Justice Askren, I am confident their opinions would have been quite different, because then it would have been very plain to them that the county treasurer was required to give notice to the city treasurer of the tax foreclosure proceedings in order that the city could protect its lien under the L.I.D. assessments by purchase of the property or otherwise. It appears to this Court that the statutes provided the complete answer to this problem and it was necessary . . . to apply sections of the statute not meant for this situation as an answer to this situation.

Apparently, the trial judge did not have available to him the briefs filed by the City of Tacoma in the *Fletcher* case. A review of these briefs discloses that Rem. Comp. Stat. § 9416, now the second paragraph of RCW 35.49.130, was called to the Supreme Court's attention. The opening brief, at 21, states:

> There is no doubt that the legislature contemplates affirmative action by the city to protect its liens, for it provides:

> > Whenever any property situate in any city or town shall be offered for sale for general taxes, the city or

town within which such property is situate shall have the power to protect the lien or liens of any local assessments outstanding against the whole or any portion of such property by purchase or otherwise.

Rem. Comp. Stat. Sec. 9416.

If the foreclosure of general taxes does not affect the lien of the city for special assessments why enact a law authorizing the city to protect the lien of special assessments?

. . .

If the city claimed a lien superior or equal to that of general taxes it should have appeared and established its lien. The purchaser has a right to rely on the decree entered in the foreclosure proceedings. . . . If a municipality can simply disregard the proceedings in a tax foreclosure to which it has been made a party for what purpose were the foregoing statutes placed on the statute books?

The trial judge used the same argument in his memorandum opinion to support his conclusion that a purchaser at a general tax foreclosure sale takes free and clear of local improvement assessment liens when the city has been notified of the sale. This position was rejected in the *Fletcher* case.

While this court is in sympathy with the reasoning of the trial judge in his memorandum opinion and with the reasoning of the City of Tacoma in its brief filed in the *Fletcher* case, nevertheless, we are compelled to follow the law announced by our Supreme Court in the *Fletcher* case. If the law is to be changed, it must be changed either through legislative action or by decision of the Supreme Court.

Judgment is reversed and the cause remanded for entry of judgment in accordance with this opinion.

EVANS, C. J., and MUNSON, J., concur.

---

Petition for rehearing denied January 8, 1970.